JRS/NAM: USAO 2016R00655

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 NOV -6  P 4: 58

CLERK'S OFFICE
AT GREENBELT

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-17-364 |
| | * | |
| TONI ANN BOBET, | * | Conspiracy to Commit Wire Fraud, |
| CELESTE NYLEEN CARMONA, and | * | 18 U.S.C. § 1349; Wire Fraud, |
| ALONIA ANDERSON PERKINS, | * | 18 U.S.C. § 1342; Aggravated |
| | * | Identity Theft, 18 U.S.C. § 1028A; |
| Defendants | * | Possession of Unauthorized Access |
| | * | Devices, 18 U.S.C. § 1029(a)(3); |
| | * | Aiding and Abetting, 18 U.S.C. § 2; |
| | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), |
| | * | 982(a)(2)(B), 21 U.S.C. § 853, 28 |
| | * | U.S.C. § 2461(c)) |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Superseding Indictment:

1. AT&T Inc. was a multinational telecommunications conglomerate, headquartered in Dallas, Texas, that provided mobile telephone services, such as wire and data services, to its customers through AT&T Mobility LLC ("AT&T Mobility").

2. Apple Inc. was a California corporation with its principal place of business in Cupertino, California. Apple Inc. owned and operated a chain of retrial stores ("Apple Stores") that sold iPhone smartphones, Mac personal computers, iPad tablet computers, iPod portable

media players, Apple Watch smartwatches, Apple TV digital media players, software, and certain third-party accessories.

3. The iPhone smartphone was a wireless communications device that acted simultaneously as a mobile phone, music player, and Internet communications device.

4. AT&T Mobility customers could upgrade their iPhones either at AT&T Mobility retail stores or at Apple Stores. When AT&T mobility customers visited Apple Stores to upgrade their phones, Apple Store employees verified the customers' AT&T Mobility account information and upgrade eligibility by electronically transmitting the customers' information to AT&T Mobility. In response, AT&T Mobility either approved or disapproved the iPhone upgrade requests, and, if approved, the Apple Store employee typically received payments for the taxes and fees associated with the upgraded iPhones from the AT&T Mobility customers, charged the upgraded iPhones to the AT&T Mobility customers' accounts, and provided the AT&T Mobility customers with upgraded iPhones.

5. The AT&T computer servers to which AT&T Mobility customer data was transmitted for verification was located in the State of Washington.

6. Defendants **TONI ANN BOBET ("BOBET")**, **CELESTE NYLEEN CARMONA ("CARMONA")**, and **ALONIA PERKINS ("PERKINS")** were residents of New York.

### The Conspiracy

7. Between in or about May 2014 and in or about June 2017, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET,**
**CELESTE NYLEEN CARMONA, and**

media players, Apple Watch smartwatches, Apple TV digital media players, software, and certain third-party accessories.

3. The iPhone smartphone was a wireless communications device that acted simultaneously as a mobile phone, music player, and Internet communications device.

4. AT&T Mobility customers could upgrade their iPhones either at AT&T Mobility retail stores or at Apple Stores. When AT&T mobility customers visited Apple Stores to upgrade their phones, Apple Store employees verified the customers' AT&T Mobility account information and upgrade eligibility by electronically transmitting the customers' information to AT&T Mobility. In response, AT&T Mobility either approved or disapproved the iPhone upgrade requests, and, if approved, the Apple Store employee typically received payments for the taxes and fees associated with the upgraded iPhones from the AT&T Mobility customers, charged the upgraded iPhones to the AT&T Mobility customers' accounts, and provided the AT&T Mobility customers with upgraded iPhones.

5. The AT&T computer servers to which AT&T Mobility customer data was transmitted for verification was located in the State of Washington.

6. Defendants **TONI ANN BOBET ("BOBET")**, **CELESTE NYLEEN CARMONA ("CARMONA")**, and **ALONIA PERKINS ("PERKINS")** were residents of New York.

### The Conspiracy

7. Between in or about May 2014 and in or about June 2017, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET,**
**CELESTE NYLEEN CARMONA, and**

**ALONIA ANDERSON PERKINS,**

did knowingly combine, conspire, confederate and agree with others known and unknown, to knowingly devise a scheme and artifice to defraud AT&T Mobility and to obtain property, that is, Apple iPhone 6s and 6s Plus cellular telephones, from AT&T Mobility by means of materially false and fraudulent pretenses, representations, and promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, to wit, electronic communications of AT&T Mobility customer data and transaction data from the State of Maryland to the State of Washington, in violation of 18 U.S.C. § 1343.

**Manner and Means of the Conspiracy and Scheme to Defraud**

8. The conspiracy and scheme to defraud was carried out through the following manner and means, among others:

a. It was a part of the conspiracy and scheme to defraud that **BOBET, CARMONA, PERKINS,** and their co-conspirators traveled from New York and elsewhere to Apple Stores located in Maryland and elsewhere, in order to obtain access to accounts belonging to existing AT&T Mobility customers, without the knowledge or consent of those customers, and thereby fraudulently obtain Apple iPhones for resale.

b. It was a further part of the conspiracy and scheme to defraud that **BOBET, CARMONA, PERKINS,** and their co-conspirators obtained stolen personal identifying information ("PII"), including names, addresses, dates of birth, Social Security numbers, and AT&T cellular telephone numbers belonging to existing AT&T Mobility customers, and used

3

this information to create (i) counterfeit drivers' licenses and state identification cards bearing the pictures of **BOBET, CARMONA, PERKINS,** and their co-conspirators and the personal identifying information of existing AT&T Mobility customers from New Jersey, Illinois, and elsewhere, as well as (ii) counterfeit credit cards in the bearing the names of existing AT&T Mobility customers, so that **BOBET, CARMONA, PERKINS,** and their co-conspirators could fraudulently pose as those existing AT&T Mobility customers at the Apple Stores in Maryland and elsewhere.

        c.        It was a further part of the conspiracy and scheme to defraud that **BOBET, CARMONA, PERKINS,** and their co-conspirators traveled to Apple Stores in Maryland and elsewhere and (i) assumed the identities of existing AT&T Mobility customers or were added as authorized users to the account of existing AT&T Mobility customers without the consent or knowledge of existing AT&T Mobility customers, (ii) presented counterfeit drivers' licenses and credit cards to Apple Store employees, and (iii) requested to upgrade iPhones on existing AT&T Mobility customers' accounts and charge and finance the costs of the upgraded iPhones to existing AT&T Mobility customers' accounts.

        d.        It was further part of the conspiracy and scheme to defraud that after **BOBET, CARMONA, PERKINS,** and their co-conspirators gained access to existing AT&T Mobility customers' accounts, **BOBET, CARMONA, PERKINS,** and their co-conspirators paid only the taxes and fees associated with the upgraded iPhones in cash, while the costs of the upgraded iPhones were charged to the existing AT&T Mobility customers' account, and thereby obtained one or more upgraded iPhones per visit to the Apple Stores.

4

e. It was further part of the conspiracy and scheme to defraud that **BOBET, CARMONA, PERKINS,** and their co-conspirators provided the fraudulently-obtained iPhones to other co-conspirators, who then resold the iPhones in New York and elsewhere.

### Overt Acts

9. In furtherance of the conspiracy, and to effect the objects thereof, the defendants and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a. In May 2016, **BOBET, CARMONA,** and **PERKINS** traveled together from New York to Maryland in **BOBET**'s vehicle.

b. On or about May 17, 2016, **BOBET** provided **CARMONA** with PII of Victim A and Victim C.

c. On or about May 17, 2016, **BOBET** provided **CARMONA** with counterfeit driver's licenses listing the PII of Victim A and Victim C, but bearing the photograph of **CARMONA**.

d. On or about May 17, 2016, **BOBET** provided **CARMONA** with counterfeit credit cards in the name of Victim A and Victim C.

e. Prior to May 17, 2016, **BOBET** provided **PERKINS** with the PII of Victim B.

f. On or about May 17, 2016, **BOBET** provided **PERKINS** with a counterfeit driver's license listing the PII of Victim B, but bearing the photograph of **PERKINS**.

g. On or about May 17, 2016, **BOBET** provided **PERKINS** with counterfeit credit card in the name of Victim B.

       h.       On or about May 17, 2016, **CARMONA** used the PII of Victim A to upgrade the iPhone associated with Victim A's AT&T Mobility account without the knowledge and consent of Victim A at an Apple Store in Columbia, Maryland.

       i.       On or about May 17, 2016, **PERKINS** used the PII of Victim B to upgrade the iPhone associated with Victim B's AT&T Mobility account without the knowledge and consent of Victim B at an Apple Store in Columbia, Maryland.

       j.       On or about May 17, 2016, **CARMONA** used the PII of Victim C to upgrade two iPhones associated with Victim C's AT&T Mobility account without the knowledge and consent of Victim A at an Apple Store in Bethesda, Maryland.

       k.       On or about May 17, 2016, **PERKINS** used the PII of Victim D to attempt to upgrade the iPhone associated with Victim D's AT&T Mobility account without the knowledge and consent of Victim D at an Apple Store in Bethesda, Maryland.

18 U.S.C. § 1349

Case 8:17-cr-00364-PX   Document 46   Filed 11/06/17   Page 7 of 14


## COUNT TWO THROUGH FOUR
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here and constitute a scheme and artifice to defraud the United States as described in paragraph 7 of Count One ("the scheme to defraud").

2. On or about May 17, 2016, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET,**
**CELESTE NYLEEN CARMONA, and**
**ALONIA ANDERSON PERKINS,**

for the purpose of executing and attempting to execute the scheme to defraud, did cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit, wire communications containing AT&T Mobility account and transaction information for the specific purchases referenced below, which were all electronically routed from Apple Stores in the District of Maryland to AT&T servers in the State of Washington:

| Count | Defendants | Apple Store Location | Wire Transmission |
|---|---|---|---|
| 2 | **TONI ANN BOBET and CELESTE NYLEEN CARMONA** | Columbia Mall, Columbia, MD | Wire transfer of AT&T Mobility account information of Victim A from Apple Store in Maryland to the AT&T server located in the State of Washington to charge and finance the costs of the upgraded iPhone against Victim A's account. |

| Count | Defendants | Apple Store Location | Wire Transmission |
|---|---|---|---|
| 3 | TONI ANN BOBET and ALONIA ANDERSON PERKINS | Columbia Mall, Columbia, MD | Wire transfer of AT&T Mobility account information of Victim B from Apple Store in Maryland to the AT&T server located in the State of Washington to charge and finance the costs of the upgraded iPhone against Victim B's account. |
| 4 | TONI ANN BOBET and CELESTE NYLEEN CARMONA | Montgomery Mall, Bethesda, MD | Wire transfer of AT&T Mobility account information of Victim C from Apple Store in Maryland to the AT&T server located in the State of Washington to charge and finance the costs of two upgraded iPhones against Victim C's account. |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here.

2. On or about May 17, 2016, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET and
CELESTE NYLEEN CARMONA,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person—to wit, the name, address, and Social Security number of Victim A—during and in relation to a violation of 18 U.S.C. §§ 1349 and 1343, as charged in Counts One and Two of this Superseding Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here.

2. On or about May 17, 2016, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET and
ALONIA ANDERSON PERKINS,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person—to wit, the name, address, and Social Security number of Victim B—during and in relation to a violation of 18 U.S.C. §§ 1349 and 1343, as charged in Counts One and Three of this Superseding Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here.

2. On or about May 17, 2016, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET and
CELESTE NYLEEN CARMONA,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person—to wit, the name, address, and Social Security number of Victim C—during and in relation to a violation of 18 U.S.C. §§ 1349 and 1343, as charged in Counts One and Four of this Superseding Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT EIGHT
### (Possession of Unauthorized and Counterfeit Access Devices)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here.

2. On or about May 17, 2016, in the District of Maryland and elsewhere, the defendants,

**TONI ANN BOBET,
CELESTE NYLEEN CARMONA, and
ALONIA ANDERSON PERKINS,**

knowingly and with the intent to defraud, and affecting interstate and foreign commerce, possessed fifteen or more unauthorized and counterfeit access devices, to wit, eleven AT&T phone and account numbers, ten Chase credit card numbers, one Citibank credit card number, and eleven Illinois and New Jersey driver's licenses.

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions on Counts One through Four and Count Eight of this Superseding Indictment.

2. As a result of the offenses set forth in Counts One through Four and Count Eight of this Superseding Indictment, the defendants,

**TONI ANN BOBET,
CARMONA NYLEEN CARMONA, and
ALONIA ANDERSON PERKINS,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived proceeds traceable to such violation.

### Substitute Assets

3. If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the valuable of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

11-6-2017
Date