THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | | Crim. No. PX-17-364 |
| | * | |
| Toni Ann Bobet, | | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Toni Ann Bobet is currently in the custody of the Federal Bureau of Prisons serving a 50-month incarceration term after having pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Pending before the Court is Bobet's motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c) and in light of the COVID-19 pandemic. ECF No. 171. Bobet has supplemented the motion. ECF Nos. 172-174 and the Government has not responded. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motion is denied.

**I.   BACKGROUND**

On April 11, 2019, Bobet pleaded guilty to the above described offenses stemming from her role in a wide-ranging conspiracy to steal the good credit and identities of unwitting victims for use in purchasing expensive cell phones. ECF Nos. 142, 152 (PSR) ¶¶ 8-14. Bobet admitted that her participation in the offense resulted in a loss of $95,000 to the victims. Bobet also committed this

1

offense after having sustained prior convictions for attempted identity fraud in Florida and obtaining money by false pretense in Virginia. ECF No. 152 ¶¶ 36, 37. After conducting a full hearing, the Court sentenced Bobet to 50 months' imprisonment followed by three years of supervised release. ECF No. 166.

On May 26, 2020, Bobet moved for compassionate release. ECF No. 171. While the motion was pending, Bobet also sought the same relief from the Bureau of Prisons which was denied on June 18, 2020. ECF 173-1. Bobet now urges this Court to revise her sentence so that she may serve the remainder of her prison term on home confinement in light of the COVID 19 pandemic. ECF No. 171. In support, Bobet highlights that she has worked hard while in BOP custody, has paid toward her restitution and, at 31, she suffers from asthma and an elevated body mass index. ECF No. 174. Bobet also had a history of oral infections, anemia and non-specific "kidney problems" as memorialized in her PSR. ECF No. 58. So far, she has served roughly 12 months of her sentence.

## II. DISCUSSION

The Court's power to modify Bobet's sentence is governed exclusively by 18 U.S.C. § 3582. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification]."). Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances to include where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c).

Where a court modifies a sentence based on "extraordinary and compelling reasons" akin to the relief Bobet seeks, it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A).

If the Bureau of Prisons does not bring such a motion, a defendant may petition the Court for relief on the grounds that extraordinary and compelling reasons warrant release. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 6, 2020). If the Court determines that such extraordinary and compelling reasons have been established, the Court must next consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

During the COVID pandemic, Courts have found that an inmate may demonstrate extraordinary and compelling circumstances when she suffers from known physical conditions placing her at heightened risk for severe adverse consequences if she contracted COVID. *See, e.g.*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020). On this record, Bobet has failed to so demonstrate. Bobet has

included no medical records to support that she suffers from any of these risk factors. Additionally, her current place of confinement, FPC Alderson, fortunately has experienced no COVID positives among its inmates. *See* https://www.bop.gov/coronavirus (last visited July 28, 2020). Alderson is also situated in West Virginia, a state among the least impacted by COVID thus far. *See* https://www.worldometers.info/coronavirus/country/us/ (last visited July 28, 2020). Accordingly, Bobet has failed to demonstrate that any risk to her renders her "uniquely susceptible to COVID-19." *United States v. Hart*, Crim. No. JKB-16-429, 2020 WL 4193965, at *2 (D. Md. Jul. 7, 2020).

Alternatively, even if Bobet could demonstrate such "extraordinary and compelling circumstances," Bobet has not satisfied this Court that release to home confinement is warranted when considering the § 3553(a) factors. Bobet has committed multiple offenses related to fraud and identity theft in three separate states. In this case, Bobet's identity theft triggered a two-year mandatory *consecutive* imprisonment term to any sentence imposed on the underlying fraud offense. ECF No. 152 at ¶ 68. When considering Bobet's individual circumstances in light of COVID, alongside the seriousness of the offense, the need to promote respect for the law, and to avoid unwarranted sentencing disparities, the Court concludes that it would not reduce her prison sentence as she requests.

### III. CONCLUSION

For the foregoing reasons, it is ordered, by the United States District Court for the District of Maryland, that the Motion for Compassionate Release (ECF No. 171) be DENIED.

Date: July 29, 2020

/S/
PAULA XINIS
United States District Judge